B27 (Official Form 27) (12/09)

# United States Bankruptcy Court
District Of CALIFORNIA SAN FRANSICO

In re JOSE LADUDIONG RAMOS and EUFROCINIA  
FRANCISCO RAMOS  
    Debtor

Case No. 09-32676  
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: __Wells Fargo Bank, N.A., Wells Fargo Auto Finance__

2. Amount of the debt subject to this reaffirmation agreement:
      $9,505.10 on the date of bankruptcy    $9,034.70 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:     07.04% prior to bankruptcy  
   7.04% under reaffirmation agreement ( _X_ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $405.00 per month for 24 months

5. Collateral, if any, securing the debt: Current market value: $12,200.00  
   Description: 02 MERCEDES ML320 VIN 4JGAB54E82A311301

6. Does the creditor assert that the debt is non-dischargeable? ___Yes _X_ No  
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is non-dischargeable.)

Debtor's Schedule I and J Entries

Debtor's Income and Expenses  
as Stated on Reaffirmation Agreement

7A. Total monthly income from $ 7,622.70  
    Schedule I, line 16

7B. Monthly income from all $ 7,622.70  
    sources after payroll deductions

8A. Total monthly expenses $ 7,945.92  
    from Schedule J, line 18

8B. Monthly expenses $ 7945.92

9A. Total monthly payments on $ 0  
    reaffirmed debts not listed on  
    Schedule J

9B. Total monthly payments on $ 0  
    reaffirmed debts not included in  
    monthly expenses

10B. Net monthly income $(323.22)  
    (Subtract sum of lines 8B and 9B from  
    line 7B. If total is less than zero, put the  
    number in brackets.)

B27 (Official Form 27) (12/09)     Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

_____
_____
_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

_____
_____
_____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____         _Jose L. Roma_____
Signature of Debtor (only required if        Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                  required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
√ Yes _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
√ Yes _____ No

## FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_Judith Hill_____
Signature

_JUDITH HILL-DOCUMENT FILER_
Print/Type Name & Signer's Relation to Case

** The Creditor completed Questions 1 – 6 on this form. The Debtor(s) completed the remaining questions on this form. By signing this form, the Filer is only certifying: (1) that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties; and (2) the information in Questions 1 – 6. The Filer is not certifying the accuracy of any information supplied by the Debtor(s).

Case: 09-32676   Doc# 49   Filed: 04/22/10   Entered: 04/22/10 14:09:53   Page 2 of 12
RECEIVED  2010/04/22  15:30:15

Form 240A - Reaffirmation Agreement (1/07)

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## District of CALIFORNIA SAN FRANSICO

In re JOSE LADUDIONG RAMOS and EUFROCINIA FRANCISCO RAMOS,
Debtor

Case No. 09-32676
Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:** Wells Fargo Bank, N.A., Wells Fargo Auto Finance

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm: $9,034.70

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A - Reaffirmation Agreement (Cont.)**                                         2

**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open-end credit plan," as those terms are defined in §-103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: ____%.~~

~~—And/Or—~~



~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~



~~$____ @ ____%;~~
~~$____ @ ____%;~~
~~$____ @ ____%.~~

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>07.04%</u>.

--- And/Or ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>7.04%</u>. If different simple interest rates apply to different balances included in the amount reaffirmed,

**Form 240A - Reaffirmation Agreement (Cont.)**                                              3

the amount of each balance and the rate applicable to it are: $
_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 02 MERCEDES ML320<br>VIN: 4JGAB54E82A311301 | $26,817.69 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

~~Your first payment in the amount of _____ is due on _____, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~

—Or—

~~Your payment schedule will be: _____ (number) payments in the amount of _____ each, payable monthly on the _____ (day) of each _____ (week, month, unless altered later by mutual agreement in writing.)~~

—Or—

Your payment schedule will be: __24__ payments in monthly installments of __$405.00__ commencing on __03/07/2010__ and continuing on the same day of each succeeding month.

APR. 22. 2010  3:26PM    WELLS FARGO

### Form 240A - Reaffirmation Agreement (Cont.)                                           4

#### 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Case: 09-32676   Doc# 49   Filed: 04/22/10   Entered: 04/22/10 14:09:53   Page 6 of 12

RECEIVED  2010/04/22 15:30:15

Form 240A – Reaffirmation Agreement (Cont.)    5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A - Reaffirmation Agreement (Cont.)

6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Contract Type: Installment Contract; Contract Date: 02/10/2006;
   Original Credit Term: 66; Original APR: 07.04%; Original Monthly Payment: $493.76
   Original Amount Financed: $26,867.69

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
   This reaffirmation reduces: the balance from $9,505.10 to $9,034.70 and the monthly payment from $493.76 to $405.00 effective 02/09/2010.

SIGNATURE(S):

Borrower:
JOSE L. RAMOS
(Print Name)
*(signature)*
(Signature)
Date: APRIL 19, 2010

Co-borrower, if also reaffirming these debts:
EUFROCINIA F. RAMOS
(Print Name)
*(signature)*
(Signature)
Date: April 19, 2010

Accepted by creditor:

Wells Fargo Bank, N.A. Wells Fargo Auto Finance
(Printed Name of Creditor)

13675 Technology Drive, Bldg. C, 2nd Floor
Eden Prairie, MN 55344-2252
(Address of Creditor)
*(signature)*
(Signature)

DAVID STAHNKE, Bankruptcy Specialist
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:
4-22-10

**Form 240A - Reaffirmation Agreement (Cont.)**                                7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

☐ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☒ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: BRADFORD HODACH

Signature of Debtor's Attorney: Brad Hodu

Date: 4/22/10

Form 240A - Reaffirmation Agreement (Cont.)                                                8

# PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 7622.70 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 7945.92 , leaving $ (323.22) to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

(Use an additional page if needed for a full explanation.)

2. Provide the information requested below and then check one of the applicable paragraphs.

   Schedule I Total Income = 7622.70    Schedule J Total Expenses = 7945.92

   a. ✓ There IS NOT a difference between the total income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above.

   b. ___ There IS a difference between the total income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above. The difference between the income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above is due to the following: _____

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *Jose L. Ramos*
          (Debtor)

          _____
          (Joint Debtor, if any)

Date:   *April 19, 2010*

— Or —

~~[If the creditor is a Credit Union and the debtor is represented by an attorney]~~

~~3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.~~

~~Signed:~~ _____
          ~~(Debtor)~~

          _____
          ~~(Joint Debtor, if any)~~

~~Date:~~ _____

**Wells Fargo Bank, N.A.**                                           **Promissory Note and Security Agreement**

FOR VALUE RECEIVED, you the undersigned ("you") promise to pay to the order of Wells Fargo Bank, N.A. ("Wells Fargo" "we", or "us" "our") at its office located at 711 West Broadway, Tempe, AZ 85282 or at such other place as the holder may designate, the principal sum of __Twenty Six Thousand Eight Hundred Sixty Seven and 69/100_____ Dollars ($ __26,867.69__ ) plus interest from the date of this Promissory Note and Security Agreement ("Note") __02/10/2006_____ until paid at the rate of __7.040__ per year (computed on the basis of a 365-day year, actual days elapsed). You agree to the terms and conditions below and on the reverse side of this note. **Please carefully read section 7 ARBITRATION on the reverse side.**

### TRUTH IN LENDING DISCLOSURE STATEMENT

| "ANNUAL PERCENTAGE RATE" The cost of your credit as a yearly rate. | "FINANCE CHARGE" The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.112 % | $ 5,770.47 * | $ 26,817.69 | $ 32,588.16 * |

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 66 | 493.76 | Monthly Beginning 03/27/2006 |

**Additional Information:** See the rest of this Note for additional information about non-payment, default, any required prepayment in full before the scheduled date and prepayment penalties and security interests.
**Late Charges:** If a payment is more than 10 days late, you will be charged $35.00.
**Prepayment:** If you pay off early, you will not have to pay a penalty.
**This Loan Is Secured By a:** Motor Vehicle

Filing Fees: $ __15.00_____ *                *Asterisk Means Estimate.

**CREDIT INSURANCE** – Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life: | N/A | |
| Credit Disability: | N/A | |
| Joint Credit Life: | N/A | |
|  | N/A | |

I ☐ do ☒ do not   want credit life insurance.
I ☐ do ☒ do not   want credit disability insurance.
I ☐ do ☒ do not   want joint credit life insurance.
I ☐ do ☐ do not   want.

X _[signature]_                  DOB 6-18-1948
X _Jose J. Ramos_                DOB 8-27-1946

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Loan Processing Fee: | $ 50.00 |
| Amounts Paid to Others: | |
| To insurance companies: | $ 0.00 |
| To Public Officials: | $ 15.00 |
| To: **Bank Of America (Cash Price)** | $ 24,411.69 |
| To: **Easy Care E.S.C.** | $ 1995.00 |
| To: **MONUMENTAL GAP CNCL** | $ 396.00 |
| To: | $ N/A |
| To: | $ N/A |
| Prepaid Finance Charges (less): | $ 50.00 |
| Amount Financed (add all items financed & subtract Prepaid Finance Charges): | $ 26,817.69 |

As security for payment and performance of all obligations under this Note, and extensions and renewals thereof, you grant us a security interest in the property specified below ("Collateral"). This includes all additions to and replacements and proceeds thereof including insurance proceeds.

| NEW/ USED | YR. MODEL | MAKE TRADE NAME | MODEL | BODY TYPE | VEHICLE ID # |
|---|---|---|---|---|---|
| Used | 2002 | MERCEDES | ML320 | LL | 4JGAB54E82A311301 |

If you do not meet your contractual obligations you may lose the Collateral that you bought with this loan or money in your account with us.

**RETURNED PAYMENT FEE** When a payment check or similar instrument is not honored, when we must return the instrument because it cannot be processed or when an automatic debit is returned unpaid, you will pay a returned check or returned payment fee of $25.00. The returned payment charge may be added, without notice, to your outstanding balance under this Note and accrue interest at the rate of this Note.

**INSURANCE** You agree to maintain insurance for the term of this Note against loss of or damage to the Collateral with a policy acceptable to us. You may choose any authorized insurer that is acceptable to us. You must name us as loss payee. You agree to assign the proceeds of any insurance to us to the extent of the debt you owe and agree that the insurance company may pay us directly. You agree that we have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in your name. If the Collateral is stolen, lost, damaged or destroyed, we can use any insurance settlement either to repair the Collateral or to apply to your debt. Whether or not the Collateral is insured, you will pay us all you owe under this Note even if the Collateral is stolen, lost, damaged or destroyed. **If you fail to maintain insurance required by this Note, we may purchase insurance at your expense to protect our interest.** This insurance, may, but need not, also protect your interest. If the collateral becomes damaged, the coverage may not pay any claim you make or any claim made against you. You may later cancel this coverage by providing evidence that you have obtained proper coverage elsewhere. **The cost of this insurance may be added to your outstanding balance and will incur interest at the rate of this Note.** The coverage we purchase may be considerably more expensive than insurance you can obtain on your own and may not satisfy any need for property damage coverage or any state mandatory liability insurance laws.

**NOTICE: THE MOTOR VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, YOU MAY HAVE TO PAY THE DIFFERENCE.**

THIS IS CONSUMER CREDIT TRANSACTION, CONSUMER PAPER, CONSUMER NOTE.

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

NOTICE TO BORROWER(S): 1. DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. 2. YOU ARE ENTITLED TO A COPY OF THIS NOTE. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.

EACH BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETE COPY OF THIS NOTE.

You authorize Wells Fargo to pay the proceeds of this Note as indicated above. Your signature below acknowledges your contractual obligation to ensure Wells Fargo is named first lienholder on the above referenced Collateral.

X _[signature]_       02-01-06                    X_____
Borrower:             (Date)                       Borrower:                (Date)
    **EUFROCINIA RAMOS**
Address: __560 CHERRY AVE__                        Address:_____
         __SAN BRUNO, CA 94066__                           _____

X _Jose J. Ramos_     02-02-06                     X_____
Borrower:             (Date)                       Borrower:                (Date)
    **JOSE RAMOS**
Address: __560 CHERRY AVE__                        Address:_____
         __SAN BRUNO, CA 94066__                           _____

NOTICE: SEE THE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE A PART OF THIS NOTE.

AFG-ARSI (4/05)                                                                 Page 1 of 2

Case: 09-32676   Doc# 49   Filed: 04/22/10   Entered: 04/22/10 14:09:53   Page 11 of 12

# NOTICE OF TRANSFER AND RELEASE OF LIABILITY

TO PROPERLY RELEASE YOUR LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE
SECTIONS A-J MUST BE COMPLETED IN FULL   PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

MAIL THIS FORM TO DMV

DMV MICROGRAPHICS USE ONLY

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME    FIRST
B. NEW OWNER'S ADDRESS    APT NUMBER
C. ODOMETER READING (NO TENTHS)
D. CITY    STATE    ZIP CODE
E. DATE OF SALE OR LEASE RETURN    MO    DAY    YR
F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME    FIRST
G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
H. SELLER'S OR LESSEE'S ADDRESS    APT NUMBER
I. SELLER'S OR LESSEE'S SIGNATURE   X
J. CITY    STATE    ZIP CODE

VEHICLE ID NUMBER: 4JGAB54E82A311301
YR. MODEL: 2002   MAKE: MERZ
PLATE NUMBER: 5PQG092

REG 138A (REV. 10/2004)

---

# STATE OF CALIFORNIA
## CERTIFICATE OF TITLE

P43060410VT

AUTOMOBILE

VEHICLE ID NUMBER: 4JGAB54E82A311301
YR MODEL: 2002   MAKE: MERZ   PLATE NUMBER: 5PQG092

BODY TYPE MODEL: UT   AX   UNLADEN WEIGHT:   FUEL: G   TRANSFER DATE:   FEES PAID: NONE   REGISTRATION EXPIRATION DATE: 07/12/2006

YR 1ST SOLD: 2002   CLASS: HD   YR: 2005   MO: MR   EQUIPMT/TRUST NUMBER:   ISSUE DATE: 04/18/06

MOTORCYCLE ENGINE NUMBER:

ODOMETER DATE: 07/04/2005   ODOMETER READING: 31281 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
RAMOS EUFROCINIA
560 CHERRY AVE
SAN BRUNO CA 94066

I certify under penalty of perjury under the laws of the State of California, that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ DATE   X _____ SIGNATURE OF REGISTERED OWNER
1b. _____ DATE   X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ▨▨▨▨▨▨ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING   ☐ Odometer reading is not the actual mileage.   ☐ Mileage exceeds the odometer mechanical limits.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE   TRANSFEROR/SELLER SIGNATURE(S) X
DATE   TRANSFEREE/BUYER SIGNATURE(S) X
PRINTED NAME OF AGENT SIGNING FOR A COMPANY
PRINTED NAME OF AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
WELLS FARGO BANK NA
PO BOX 924827
HOUSTON
TX 77292

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

CA 94779856
005927
REG. 17.308 (REV. 10/03)

KEEP IN A SAFE PLACE - VOID IF ALTERED

Case: 09-32676   Doc# 49   Filed: 04/22/10   Entered: 04/22/10 14:09:53   Page 12 of 12